UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY S. BOWMAN,

       Plaintiff,                              Hon. Paul L. Maloney

v.                                               Case No. 1:22-cv-191

DENTSPLY SIRONA, INC.,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion to Dismiss and Motion to Strike. (ECF No. 23). Plaintiff (Bowman) initiated this action asserting various state law claims. (ECF No. 1). Defendant (Dentsply) asserted several affirmative defenses as well as a counterclaim. (ECF No. 22). Bowman now moves to dismiss Dentsply's counterclaim and one of its affirmative defenses. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted in part and denied in part.

**BACKGROUND**

      Bowman alleges the following in his complaint. Bowman, "an orthodontist of worldwide renown," is "an orthodontics innovator, educator, and trend-setter." On an unspecified date, Bowman met John Bozman, Jr., at a trade show. Bowman related that he "had several product ideas that he wished to coordinate producing with a

manufacturer." Bozman introduced Bowman to his father, John Bozman, Sr., President of Glenroe Technologies, Inc.

Bowman shared with the Bozmans "several of his product ideas," after which the parties "orally agreed" that Glenroe would produce and sell Bowman's products in return for a ten-percent royalty on their gross sales. The parties operated pursuant to this oral agreement from 2002-2005. In 2005, the parties executed a written agreement. Pursuant to this agreement, Bowman would be paid a ten-percent royalty fee on sales of products utilizing Bowman's "intellectual property." The agreement also provided that Bowman would act as a paid consultant to Glenroe.

The Bozmans later sold Glenroe to Dentsply International, Inc. Bowman and Dentsply International executed updated agreements in 2006 and 2009, which, in relevant part, called for Bowman to be paid royalties on sales of products incorporating his intellectual property. Bowman subsequently provided to Dentsply International "many very successful product ideas" that generated "millions of dollars of revenue annually."

In 2016, Sirona Dental Systems, Inc., merged with Dentsply International, Inc., to become Dentsply Sirona (Dentsply). Dentsply "assumed all of the contracts and other obligations of Dentsply International, Inc.," and continued to make royalty payments to Bowman. In July 2021, Dentsply informed Bowman that it would discontinue making royalty payments to Bowman because Dentsply "did not know for certain whether Dr. Bowman in fact generated the ideas for the products he had been paid for." Dentsply

was unable, however, "to supply any reason, rationale, or evidence" in support of its position.

The following month, Dentsply made a royalty payment to Bowman who considered the matter "resolved." On October 4, 2021, however, Dentsply informed Bowman that he was no longer entitled to receive royalty payments "because he had not obtained a patent on the product concepts that he provided and marketed to Dentsply." Dentsply subsequently modified its position, asserting that Bowman was not entitled to royalty payments because their agreements were "forward looking only and no payment was due for concepts that had been submitted prior to the 2009 contract." Dentsply subsequently failed to make its 2022 first quarter royalty payment to Bowman as required by their agreement.

On March 3, 2022, Bowman initiated the present action asserting six claims for relief: (1) breach of contract; (2) equitable accounting; (3) unjust enrichment; (4) promissory estoppel; (5) conversion; and (6) declaratory judgment. Bowman's equitable accounting and conversion claims were subsequently dismissed. (ECF No. 21). Dentsply subsequently asserted a counterclaim for unjust enrichment as well as several affirmative defenses, including fraud. (ECF No. 22). Bowman now moves to dismiss Dentsply's counterclaim and to strike its affirmative defense of fraud. Dentsply has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

I.  Motion to Dismiss

Dentsply has asserted a counterclaim for unjust enrichment which Bowman now moves the Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

As the Court has previously observed, the Court has jurisdiction over this matter based on diversity and Michigan law governs the substance of the parties' claims. (ECF No. 21 at PageID.160-61). Bowman argues that Dentsply's counterclaim is subject to dismissal for three reasons: (1) it is barred by the statute of limitations; (2) it is barred by the doctrine of laches; and (3) it is inconsistent with Dentsply's assertion that there exists a contract covering the same subject matter.

### A. Statute of Limitations

Unjust enrichment is a claim sounding in equity. *See, e.g., Wright v. Genesee County*, 934 N.W.2d 805, 809 (Mich. 2019). Under Michigan law, "statutes of limitation may apply by analogy to equitable claims." *Taxpayers Allied for Constitutional Taxation v. Wayne County*, 537 N.W.2d 596, 600 n.9 (Mich. 1995). But determining

precisely what the statute of limitations is for Dentsply's unjust enrichment claim is less obvious.

In *Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640 (Mich. 1977), Bonnie Cummings was injured in an automobile accident. *Id.* at 642. The owner of the automobile in which Cummings was riding was insured by Travelers. More than three years later, Cummings and her father, Arne Huhtala, sued Travelers and one of its claims managers. The plaintiffs asserted claims for promissory estoppel, alleging that Travelers "had promised the plaintiffs that a full and equitable settlement would be paid after Cummings' physical condition stabilized." *Ibid.*

The defendants moved for relief on the ground that the plaintiffs' claims were barred by the statute of limitations. *Id.* at 643. The trial court and the Michigan Court of Appeals both agreed with Travelers that the plaintiffs' claims were not timely filed. *Id.* at 641. The Michigan Supreme Court reversed, finding that the plaintiffs' claims were subject to a six-year statute of limitations. *Id.* at 644 ("[a]n action for personal injury or property damage against an owner or driver of an automobile arises by "implication of the law" and is governed by the 3-year statute of limitations. Plaintiffs' claim of promissory estoppel against Travelers and its claims manager is "dependent on the existence of contract or contract principles" and is governed by the 6-year statute of limitations).

As Bowman observes, however, courts interpreting *Huhtala* regarding the limitations period applicable to claims for unjust enrichment have not arrived at consistent results. For example, in *In re Pratt*, 2016 WL 9777358 (W.D. Mich., Jan. 29, 2016), the court, relying on *Huhtala*, concluded that claims of unjust enrichment are subject to a three-year statute of limitations. *Id.* at *3. On the other hand, the Michigan Court of Appeals has found that "[b]ecause claims of promissory estoppel and unjust enrichment are dependent on the existence of contract or contract principles," they are subject to a six-year limitation period. *Dixon-Brown v. Covenant Cemetery Services*, 2022 WL 413904 at *2 (Mich. Ct. App., Feb. 10, 2022). The Court need not resolve this dispute at the moment, however, because regardless of which limitations period applies, Bowman is not entitled to relief.

As the Sixth Circuit has repeatedly observed, a Rule 12(b)(6) motion to dismiss "is generally an inappropriate vehicle for dismissing a claim based upon statute of limitations." *Snyder-Hill v. Ohio State University*, 48 F.4th 686, 698 (6th Cir. 2022). Only where "the allegations in the complaint affirmatively show that the claim is time-barred" is dismissal at this stage warranted. *Ibid.*

The essence of Dentsply's counterclaim is that Bowman has improperly been paid royalties on the sales of various products manufactured by Glenroe, Dentsply International, Inc., and/or Dentsply Sirona. Specifically, Dentsply alleges four alternative theories for recovery: (1) the products in question were based on intellectual property that was not developed by Bowman; (2) the products in question were based on

intellectual property that was already in existence; (3) the products in question were based on ideas "too indefinite to be deemed intellectual property"; and (4) the products in question were based on intellectual property that was not subject to any agreement between the parties.

Bowman argues that, because Dentsply alleges that Bowman has received improper royalty payments "from 2005 forward," Dentsply's claim accrued in 2005 and is, therefore, barred by the statute of limitations. The Court disagrees. First, Bowman has failed to definitively establish when the claims in question accrued thus starting the limitations period. On this question, Bowman relies on the following statutory provision:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

Mich. Comp. Laws § 600.5827.

Because Bowman has undertaken no analysis of §§ 5829-5838, the Court cannot conclude that the accrual date for the claim in question is not determined by reference thereto. Likewise, Plaintiff has identified no authority establishing that the accrual date for an unjust enrichment claim is to be found in § 5827. Bowman cannot posit an undeveloped and unsupported argument and rely on this Court to supply the missing authority and analysis. Thus, because Bowman has failed to establish when Dentsply's claims accrued, Bowman has failed to demonstrate that he is entitled to relief.

Moreover, even if the Court assumes that Dentsply's claims accrued "at the time the wrong upon which the claim is based was done," Bowman offers neither authority nor analysis to support the implied proposition that the "wrong was done" when the allegedly improper royalty payments were made.

In sum, Bowman has failed to persuade the Court that the allegations in Dentsply's counterclaim "affirmatively show" that such claims are time-barred. It may very well be the case that certain aspects of Dentsply's counterclaim are ultimately found to be untimely filed. That determination cannot be made at this juncture, however. More importantly, it is hardly evident at this juncture that no aspect of Dentsply's counterclaims were not timely filed. Accordingly, the undersigned rejects this argument.

B.  Laches

Bowman next argues that Dentsply's counterclaim must be dismissed due to laches. Where a plaintiff "has not exercised reasonable diligence in vindicating his or her rights, a court sitting in equity may withhold relief on the ground that the plaintiff is chargeable with laches." *Knight v. Northpointe Bank*, 832 N.W.2d 439, 442 (Mich. Ct. App. 2013). When laches is present, the court "merely leaves the parties where it finds them. . .because equity will not lend aid to those who are not diligent in protecting their rights." *Ibid.*

Bowman argues that application of laches is appropriate here because "Dentsply's unjust-enrichment claim is pleaded to have accrued in 2005." As discussed above, this is not accurate. Moreover, even were this assertion accurate, Bowman is still not entitled to relief. Contrary to Bowman's suggestion, the application of laches is not triggered merely by the passage of time. *Knight*, 832 N.W.2d at 442. Instead, Bowman must show that because of Dentsply's delay in asserting its rights, his ability to defend Dentsply's claim has been prejudiced. *See, e.g., Nykoriak v. Naploeon*, 964 N.W.2d 895, 903 (Mich. Ct. App. 2020); *Luna Pier Truck Depot, LLC v. Prime Financial, Inc.*, 2021 WL 2619721 at *4 (Mich. Ct. App., June 24, 2021).

Aside from an unsupported conclusory statement, Bowman offers nothing to support a finding that he has been prejudiced by Dentsply's alleged delay. Moreover, such is hardly evident from Dentsply's pleadings. Accordingly, the undersigned rejects this argument.

C. Existence of Contract

Finally, Bowman argues that Dentsply's counterclaim must be dismissed because Dentsply concedes that there exists a contract that governs the parties' dispute. A claim for unjust enrichment is not appropriate where there exists "an express contract between the parties covering the same subject matter." *Meisner Law Group PC v. Weston Downs Condominium Association*, 909 N.W.2d 890, 903 (Mich. Ct. App. 2017).

The allegations in Dentsply's counterclaim do not establish that Dentsply has taken the position that its claims are governed by a contract. Moreover, as the Honorable Paul L. Maloney previously determined, Dentsply "has not conceded the existence of valid and enforceable contracts." (ECF No. 21 at PageID.165). Perhaps discovery and further development of these issues ultimately leads to a different result. At this juncture, however, the Court discerns no basis for dismissing Dentsply's counterclaims on the ground that there exists a valid and enforceable contract which governs the claims in question. Accordingly, the undersigned rejects this argument.

For the reasons articulated herein, therefore, the undersigned recommends that Bowman's motion to dismiss be denied.

II.   Motion to Strike

In its answer to Bowman's complaint, Dentsply asserted several affirmative defenses, including the affirmative defense of fraud. Bowman moves to strike this affirmative defense pursuant to Rule 12(f). Specifically, Bowman argues that the assertion of this defense is untimely and not properly pled. The Court notes that motions to strike affirmative defenses are "viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Construction Co.*, 783 F.3d 1045, (6th Cir. 2015). Rather, "these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits." *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022).

A.   Statute of Limitations

Bowman asserts that Dentsply is precluded from asserting the affirmative defense of fraud because the statute of limitations has run. Bowman, however, identifies no authority standing for the proposition that affirmative defenses are subject to statute of limitations considerations. As has been recognized, the "general rule" is that "a statute of limitations does not bar affirmative defenses." *Donald Everly v. Everly*, 536 F.Supp.3d 276, 291 (M.D. Tenn., May 4, 2021) (citing *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 72 (1956)). There is an exception to this general rule where a party attempts to assert an otherwise time-barred claim under the guise of an affirmative defense. *Everly*, 536 F.Supp.3d 292. The Court discerns nothing in Dentsply's counterclaim allegations, however, which supports the argument that this exception applies in this instance. Accordingly, the undersigned rejects this argument.

B.   Particularity

Bowman next argues that Dentsply has failed to plead its affirmative defense of fraud with particularity. Defendant does not dispute that it must plead its affirmative defense of fraud with particularity. *See, e.g., Sodexo Management, Inc. v. Benton Harbor Area School District*, 2016 WL 845338 at *9 (W.D. Mich., Mar. 2, 2016). Nevertheless, regarding its affirmative defense of fraud, Dentsply alleges the following:

> Plaintiff made material misrepresentations as to intellectual property that Plaintiff alleged to submit for which Plaintiff claims entitlement to compensation, which was: (1) already in existence at the time of the alleged agreement, (2) Plaintiff does not own; (3) is not intellectual property; or (4) is an abstract idea for which no rights can accrue.

-12-

(ECF No. 22 at PageID.209).

While pleading fraud with particularity "does not require omniscience," Dentsply must nevertheless identify the "who, what, when, where, and how" of Bowman's alleged fraud and do so with sufficient detail to put Bowman on notice as to the nature of the claim. *Artisan Estate Homes, LLC v. Hensley Custom Building Group, LLC*, 2022 WL 2915586 at *9 (S.D. Ohio, July 25, 2022). Dentsply's allegations of fraud fall well short of the mark. Dentsply asserts only a vague conclusion of fraud and has failed to provide sufficient detail or specificity to enable Bowman to adequately respond. Accordingly, the undersigned recommends that Dentsply's affirmative defense of fraud be stricken.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Dismiss and Motion to Strike (ECF No. 23) be granted in part and denied in part. Specifically, the undersigned recommends that Dentsply's affirmative defense of fraud be stricken, but that otherwise Plaintiff's motion be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                          Respectfully submitted,

Date: March 23, 2023                      /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge